DISTRICT OF OREGON
**F I L E D**
May 20, 2025
**Clerk, U.S. Bankruptcy Court**

Below is an opinion of the court.

_____
DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br>**Preston C. Hiefield III,**<br>Debtor. | Case No. 11-30493-dwh7 |
| **Preston C. Hiefield III**,<br>Plaintiff,<br>and<br>**Gillian Stratton**, individually and as trustee of The Gillian M. Stratton Living Trust,<br>Plaintiff-intervenor,<br>v.<br>**Morris Westlund** and The Morris Westlund Trust,<br>Defendant. | Adversary Proceeding No. 24-03050-dwh<br><br>**MEMORANDUM DECISION DENYING DEFENDANT'S AMENDED MOTION TO DISMISS**[1] |

---

[1] This disposition is specific to this action. It may be cited for whatever persuasive value it may have.

Page 1 – MEMORANDUM DECISION DENYING DEFENDANT'S etc.

I.  **Introduction**

Defendant, Morris Westlund, has moved to dismiss this action.[2]

I previously dismissed the amended complaint filed by plaintiff Preston Hiefield, and he did not further amend. The motion to dismiss is thus moot as to Hiefield.

Because this court has jurisdiction over this action, I will deny the motion as to the complaint in intervention by plaintiff-intervenor Gillian Stratton.

II. **Facts**

The following facts are based on the allegations of Stratton's complaint, as augmented by events in the record of Hiefield's 2011 chapter 7 case that are consistent with Westlund's arguments for dismissal.

A.  *Westlund's 2009 judgment lien*

On November 30, 2009, Westlund, as trustee of a trust, obtained a money judgment against Hiefield in the Multnomah County, Oregon, Circuit Court. The judgment amount of $225,000 bears interest from July 2, 2009, at the rate of 37.5 percent per year, compounded monthly.[3]

On December 17, 2009, Westlund caused to be recorded in the real-estate records of Washington County, Oregon, a lien record abstract of the Multnomah County judgment.[4]

---

[2] ECF No. 40.
[3] Case No. 11-30493 ECF No. 87 Ex. 2; Case No. 11-30493 ECF No. 88 Ex. 2.
[4] Case No. 11-30493 ECF No. 81 Ex. A at 3–4, ECF No. 87 Ex. 3.

Page 2 – MEMORANDUM DECISION DENYING DEFENDANT'S etc.

### B.    *Hiefield's 2011 chapter 7 bankruptcy case*

Hiefield initiated a chapter 7 bankruptcy case in 2011.[5] His scheduled assets include a one-half interest in a residence in Tualatin,[6] in Washington County.[7]

Hiefield moved under 11 U.S.C. § 522(f) to avoid the lien of the judgment as impairing his Oregon homestead exemption.[8] He then owned the property with Stratton, his spouse, as tenants by the entirety.[9] The approximate balance due under the judgment was then $402,577.55.[10] In ruling on the motion, the bankruptcy judge ordered that the judgment be "partially avoided with said judicial lien attaching only to the extent of $6,000.00."[11]

After the chapter 7 case was fully administered, it was initially closed on May 21, 2015.[12] It has since been opened and reclosed several times, but it is now closed.[13]

Westlund claims that the amount secured by the lien is now more than $700,000 "based upon the 37.5% compounded interest rate."[14]

---

[5] ECF No. 38 at 2 ¶ 2.
[6] Case No. 11-30493 ECF No. 12 Sched. A; ECF No. 11-1 at 5: 8–10.
[7] Case No. 11-30493 ECF No. 37 att. at 1 ¶ 2.
[8] Case No. 11-30439 ECF No. 37.
[9] ECF No. 38 at 2 ¶ 7.
[10] Case No. 11-30493 ECF No. 37 att. at 1 ¶ 2.
[11] Case No. 11-30493 ECF No. 47 at 2:1–2; ECF No. 38 at 2 ¶¶ 3–4.
[12] ECF No. 11-30493 ECF No. 70.
[13] Case No. 11-30493 ECF Nos. 72–73, 75, 99,–100, 102.
[14] ECF No. 38 at 2 ¶ 6.

Page 3 – MEMORANDUM DECISION DENYING DEFENDANT'S etc.

### C. *Property conveyances*

In 2020, Hiefield conveyed his interest in the property to Stratton,[15] and in 2021, she conveyed it to herself as trustee of a trust.[16]

### D. *Hiefield's 2023 chapter 13 case*

In 2023, Hiefield filed a chapter 13 petition. He obtained confirmation of a plan,[17] and that case is open.

### E. *This action*

Hiefield commenced this action by filing a complaint, and then an amended complaint, against Westlund.[18] The caption identifies the defendant as "Morris Westlund and the Morris Westlund Trust."[19] Hiefield sought a declaration that the lien is limited to $6,000[20] and bears no interest.[21]

Westlund moved to dismiss the amended complaint, arguing that Hiefield lacked standing, this court lacked jurisdiction, and claim-preclusion barred this action.[22] In Hiefield's opposition, he said his wife intended to refinance debt on the property to help him pay his chapter 13 plan obligations.[23] He also said that the lien-avoidance order "could have easily

---

[15] ECF No. 38 at 2 ¶ 8.
[16] ECF No. 38 at 2 ¶ 9.
[17] Case No. 23-31146 ECF Nos. 28, 84.
[18] ECF Nos. 1–2.
[19] ECF No. 1 at 1.
[20] ECF No. 2 at 2 ¶ 7.
[21] ECF No. 2 at 2 ¶ 8.
[22] ECF No. 11.
[23] ECF No. 14 at 4.

Page 4 – MEMORANDUM DECISION DENYING DEFENDANT'S etc.

stated that interest continues to accrue at the judgment rate, but it does not."[24]

Then, Stratton moved to intervene as a plaintiff.[25]

On January 18, I granted Westlund's motion to dismiss Hiefield's complaint and Stratton's motion to intervene. I ordered that any amended complaint by Hiefield and any complaint in intervention by Stratton be filed within 14 days. I also said that if Hiefield amended or Stratton pleaded timely, I would then consider Westlund's subject-matter jurisdiction argument. Hiefield did not amend.[26]

But Stratton did file her complaint, and it largely tracks Hiefield's amended complaint.[27] The caption of her complaint identifies the plaintiff-intervenor as her, both individually and as trustee.[28] She alleges that "the $6,000 judgment lien is over $700,000 based upon the 37.5% compounded interest rate,"[29] and since 2021 title to the property has been held by her as trustee.[30] She asks for a declaration "that based upon 11 U.S.C. § 522(f)(2)" Westlund's lien on the former interest of Hiefield is limited to $6,000 and includes no interest.[31]

---

[24] ECF No. 14 at 5.
[25] ECF No. 16.
[26] ECF No. 35.
[27] ECF No. 38.
[28] ECF No. 38 at 1.
[29] ECF No. 38 at 2 ¶ 6.
[30] ECF No. 38 at 2 ¶ 9.
[31] ECF No. 38 at 3 ¶¶ 11, 13, 1–3.

Page 5 – MEMORANDUM DECISION DENYING DEFENDANT'S etc.

**III.    Analysis**

    ***A.    Stratton did not violate a court order.***

In dismissing Hiefield's amended complaint for lack of constitutional standing, I said that the injury-in-fact and redressability requirements might have been satisfied had either he or Stratton asserted that she would, in fact, sell the property and donate the proceeds for use in the plan—but their declarations and her draft complaint conspicuously lacked that assertion. The bare possibility that she might sell and donate was not enough to give Hiefield standing.

Although I did say that Stratton's failure to include in her proposed complaint the allegation that she would sell the property and contribute the proceeds to the plan deprived Hiefield of standing, I did not order her to include that allegation in her complaint. I reject Westlund's argument that she violated a court order, requiring dismissal.

    ***B.    Stratton has constitutional standing.***

As part of the Article III requirement that a claim in federal court be a "case or controversy,"[32] the plaintiff must show standing. The plaintiff has standing if the plaintiff has suffered an injury in fact that is fairly traceable to conduct by the defendant and that the plaintiff's injury is likely to be redressed by a judgment in the plaintiff's favor.[33] Standing is a threshold

---

[32] U.S. Const., Art. III, § 2, cl. 1.
[33] Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016).

requirement that must be met even though substantive law confers a right of action on the plaintiff.[34]

Stratton, as trustee, now owns the property. If she is correct on her merits claim that Westlund is claiming more than is due under his lien, she has suffered an injury in fact that is traceable to him and could be redressed by a judgment in her favor in her trustee capacity. Because he seeks to dismiss her complaint in its entirety, rather than to strike the portion asserting a claim in her individual capacity, her standing to pursue her claim as trustee suffices to prevent dismissal for lack of standing.

### C. *This court has ancillary subject-matter jurisdiction over Stratton's complaint.*

Under 28 U.S.C. § 1334(b), the district court has jurisdiction over proceedings arising in a bankruptcy case, arising under title 11, or related to a bankruptcy case. The avoidance motion arose under section 522 and thus was within the district court's arising-under jurisdiction. Under 28 U.S.C. § 157(a), the district court can refer bankruptcy cases and proceedings to the bankruptcy court, as the district court in this district has done.[35] Under section 157(b) and (c), authority to enter the final order or judgment is divided between the bankruptcy and district courts—but that division does not affect subject-matter jurisdiction.

---

[34] TransUnion LLC v. Ramirez, 594 U.S. 413, 426–27 (2021).
[35] LR 2100-2(a)(a).

Page 7 – MEMORANDUM DECISION DENYING DEFENDANT'S etc.

Ancillary jurisdiction may be employed "in subsequent proceedings for the exercise of a federal court's inherent power to enforce its judgments" and to "assist in the protection and enforcement of federal judgments."[36] It may be exercised by a federal court to, among other things, "vindicate its authority, and effectuate its decrees."[37] Without ancillary jurisdiction, "the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution."[38] Ancillary jurisdiction may extend to a claim based on a prior action, but the prior action "must contain an independent basis for federal jurisdiction" because "[t]he court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims."[39]

In a 2009 decision addressing the scope of ancillary jurisdiction, the Supreme Court held that a bankruptcy court "plainly had jurisdiction to interpret and enforce its prior orders"—describing that holding as "easy."[40] Similarly, the Ninth Circuit has held that a bankruptcy court "has the power to interpret and enforce its own orders."[41] Because ancillary jurisdiction

---

[36] Peacock v. Thomas, 516 U.S. 349, 356 (1996).
[37] *Peacock*, 516 U.S. at 354 (1996), quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379 (1994).
[38] *Peacock*, 516 U.S. at 356, quoting Riggs v. Johnson Cnty., 73 U.S. 166, 187 (1867).
[39] *Peacock*, 516 U.S. at 355.
[40] Travelers Indem. Co. v. Bailey, 557 U.S. 137, 151 (2009).
[41] Wilshire Courtyard v. California Franchise Tax Board (*In re* Wilshire Courtyard), 729 F.3d 1279, 1289 (9th Cir. 2013), citing *Travelers*, 557 U.S. at 151.

Page 8 – MEMORANDUM DECISION DENYING DEFENDANT'S etc.

covers only claims that are ancillary to a court's prior rulings on claims over which the court had statutory jurisdiction, a court lacks jurisdiction "to grant new relief independent of its prior rulings . . . ."[42]

Westlund argues that a court has ancillary jurisdiction to interpret a prior order only if the interpretation would "have some effect on an open bankruptcy proceeding,"[43] citing the Supreme Court's 1994 decision in *Kokkonen v. Guardian Life Ins. Co. of Am.*[44] and the Ninth Circuit's 2006 decision in *Sea Hawk Seafoods, Inc. v. Alaska (In re Valdez Fisheries Dev. Ass'n, Inc.).*[45] In *Kokkonen*, the Court held that, after stipulated dismissal of an action, the trial court lacked ancillary jurisdiction to enforce a settlement agreement that was the basis for dismissal; the new action did not seek to enforce or interpret a prior court order. The Court acknowledged that "ancillary jurisdiction to enforce the agreement would" have existed if the settlement agreement had been made part of a court order.[46]

In *Valdez*, the Ninth Circuit held that a bankruptcy court's interpretation of a settlement agreement was not ancillary to a court's prior order approving the agreement at the request of the chapter 11 debtor in possession. Under Federal Rule of Bankruptcy Procedure 9019, a bankruptcy court's approval of a settlement agreement adjudicates only whether a

---

[42] Tsafaroff v. Taylor (*In re* Taylor), 884 F.2d 478, 481 (9th Cir. 1989).
[43] ECF No. 33 at 10.
[44] 511 U.S. 375, 379–80 (1994).
[45] 439 F.3d 545, 549 (9th Cir. 2006).
[46] *Kokkonen*, 511 U.S. at 381.

Page 9 – MEMORANDUM DECISION DENYING DEFENDANT'S etc.

settlement agreement to which the estate representative is a party is in the best interest of the estate; it does not adjudicate the parties' rights and obligations under the agreement. So a separate action to enforce the agreement is not one to enforce or interpret—and is thus not ancillary to—the settlement-approval order.

Westlund also points to the portion of the *Valdez* decision discussing the "close nexus" test applicable to bankruptcy litigation after confirmation of a chapter 11 plan.[47] That test applies to whether a court asked to hear postconfirmation litigation in a chapter 11 case has section 1334(b) jurisdiction under the related-to option. But here, case in which the lien was avoided was under chapter 7, which provides for liquidation rather than reorganization, and the court had jurisdiction over the avoidance motion under the arising-under option, giving the court ancillary, arising-under jurisdiction over Stratton's request to interpret the avoidance order. The close-nexus test thus does not apply to this action.

Westlund also argues that closure of Hiefield's chapter 7 case makes "this court's jurisdiction extremely limited relating to any non-debtor claim by Stratton attempting to now be asserted,"[48] citing the Ninth Circuit's decision in *Battle Ground Plaza, LLC v. Ray (In re Ray)*.[49] In *Ray*, the court addressed the bankruptcy court's exercise of jurisdiction over a removed

---

[47] ECF No. 33 at 11; *Valdez*, 439 F.3d at 548.
[48] ECF No. 33 at 2.
[49] 624 F.3d 1124, 1136 (9th Cir. 2010).

Page 10 – MEMORANDUM DECISION DENYING DEFENDANT'S etc.

state-court action by a nondebtor against the chapter 11 debtor in possession and others, alleging breach of the plaintiff's first-refusal rights.[50] In deciding that the bankruptcy court lacked ancillary jurisdiction, the Ninth Circuit relied primarily on plan confirmation, referring to its prior decision that after confirmation a "debtor is usually without the protection of the bankruptcy court."[51] The Ninth Circuit also held that ancillary jurisdiction to "vindicate [a court's] authority and effectuate its decrees" *is* available to a bankruptcy court[52] and permits a bankruptcy court "to interpret orders entered prior to dismissal of the underlying bankruptcy case . . . ."[53]

Westlund also argues this court lacks subject-matter jurisdiction because "the subject of the adversary proceeding does not affect property of the estate."[54] That the outcome of a bankruptcy proceeding could affect estate property could support related-to jurisdiction. But the absence of related-to jurisdiction is irrelevant if, as here, the court has arising-under jurisdiction.

This court has ancillary jurisdiction over Stratton's request to interpret the avoidance order because the request is ancillary to the avoidance motion, over which the court had arising-under jurisdiction.

---

[50] *Ray*, 624 F.3d at 1129.
[51] *Ray*, 624 F.3d at 1136, quoting Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n, 997 F.2d 581, 589 (9th Cir. 1993).
[52] *Ray*, 624 F.3d at 1130, quoting Sea Hawk Seafoods, Inc. v. Alaska (*In re* Valdez Fisheries Dev. Ass'n, Inc.), 439 F.3d 545, 549, citing *Kokkonen*, 511 U.S. at 379–80.
[53] *Ray*, 624 F.3d at 1135.
[54] ECF No. 11-1 at 4–6.

Page 11 – MEMORANDUM DECISION DENYING DEFENDANT'S etc.

### D. *This court has constitutional authority over Stratton's complaint.*

Westlund argues that this court lacks constitutional authority over this action, citing the Supreme Court's 2011 decision in *Stern v. Marshall*.[55]

*Stern* addressed not the scope of the district court's statutory bankruptcy jurisdiction but whether Congress could constitutionally assign to the bankruptcy court the authority to finally determine certain referred core proceedings. *Stern* does not affect a bankruptcy court's authority to act in all stages of a proceeding short of entry of the final order or judgment. The Supreme Court later held that, in hearing a *Stern* claim, a bankruptcy court may follow the procedures under section 157(c)(1) for noncore, related-to claims: the bankruptcy court hears the proceeding, submits proposed findings of fact and conclusions of law to the district court, and the final order or judgment is entered by the district judge.[56]

Because a motion to dismiss a bankruptcy proceeding tests whether the district court has jurisdiction but not whether the final order or judgment may be entered by the bankruptcy court, *Stern* does not require dismissal of this action.

### E. *The court will not abstain from this action.*

Westlund asks that the court abstain from hearing this action.[57]

---

[55] 564 U.S. 462 (2011).
[56] Exec. Benefits Ins. Agency v. Arkison, 573 U.S. 25, 38 (2014).
[57] ECF No. 33 at 12–13.

Page 12 – MEMORANDUM DECISION DENYING DEFENDANT'S etc.

Section 1334(c)(1) permits a district court to abstain from hearing a proceeding in the interest of justice or in the interest of comity with state courts or respect for state law. Because section 1334(d) bars appellate review by the courts of appeals and the Supreme Court of decisions to permissively abstain or not abstain, it has the effect of preventing the development by those courts of decisional law with stare decisis effect.

In a 1990 Ninth Circuit decision cited by Westlund, *Christensen v. Tucson Estates, Inc. (In re Tucson Ests., Inc.)*,[58] the court considered whether there existed cause for automatic-stay relief under 11 U.S.C. § 362(d)(1) to allow state-court litigation against the debtor. The court held that "[w]here a bankruptcy court may abstain from deciding issues in favor of an imminent state court trial involving the same issues, cause may exist for lifting the stay as to the state court trial."[59] The court quoted a Texas bankruptcy court's list of 12 permissive-abstention factors.[60] The next year, the Ninth Circuit characterized *Tucson* as having "laid out the factors courts should consider in deciding whether to abstain under §1334(c)(1)."[61]

Westlund argues that "[a]ll of the foregoing [12 *Tucson*] factors (those that are applicable) weigh in favor of" abstention, and then he mentions "the

---

[58] 912 F.2d 1162, 1167 (9th Cir. 1990).
[59] *Tucson*, 912 F.2d at 1166.
[60] Republic Reader's Service, Inc. v. Magazine Service Bureau, Inc. (*In re* Republic Reader's Serv., Inc.), 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987).
[61] Eastport Assocs. v. City of Los Angeles (*In re* Eastport Assocs.), 935 F.2d 1071, 1075 (9th Cir. 1991).

Page 13 – MEMORANDUM DECISION DENYING DEFENDANT'S etc.

repeated transfers of the property between Debtor, Stratton and now the Stratton trust outside of bankruptcy."[62] But he does not explain how the property transfers support abstention—and he does not address specifically any of the factors.

Factor 1 is "the effect or lack thereof on the efficient administration of the estate" if the court abstains. Hiefield's chapter 7 case has been fully administered and closed, so abstention will not affect administration of that estate. In the current chapter 13 case, the only possible ongoing estate administration is Hiefield's performance of his plan. Although the outcome of this action might give Stratton the ability (but not, as pleaded, the obligation) to contribute funds to Hiefield for the plan, whether her claim is decided here or in state court would not affect his plan performance. Factor 1 is neutral.

Factor 2 is "the extent to which state law issues predominate over bankruptcy issues." Stratton requests interpretation of a federal bankruptcy court order (the avoidance order), which applied federal law (section 522). Westlund does not identify state law applicable to interpretation of the avoidance order. Factor 2 weighs against abstention.

Factor 3 is "the difficulty or unsettled nature of the applicable law." Westlund does not identify state law applicable to interpretation of the avoidance order. The difficulty or unsettled nature of applicable federal law is not a reason for a federal court to abstain. Factor 3 is neutral.

---

[62] ECF No. 33 at 13.

Page 14 – MEMORANDUM DECISION DENYING DEFENDANT'S etc.

Factor 4 is "the presence of a related proceeding commenced in state court or other nonbankruptcy court." The only state-court proceeding the parties identify is the action leading to Westlund's judgment, which is no longer pending. He does not point to a pending state-court action that would address the meaning of the avoidance order. Factor 4 weighs against abstention.

Factor 5 is "the jurisdictional basis, if any, other than 28 U.S.C. §1334." Westlund does not point to a jurisdictional basis for this action other than section 1334. Factor 5 weighs against abstention.

Factor 6 is "the degree of relatedness or remoteness of the proceeding to the main bankruptcy case." I understand "relatedness" to refer to the relation between an action and a case that could give rise to related-to jurisdiction. But because this action is ancillary to the avoidance motion, which was a proceeding arising under section 522, the court has arising-under jurisdiction over this action. Factor 6 does not to apply to this action and is neutral.

Factor 7 is "the substance rather than form of an asserted 'core' proceeding." Here, the lien-avoidance motion was a proceeding to "determine[] the . . . extent . . . of [a] lien"[63] and thus core in substance, not just form; the same is true for this ancillary-jurisdiction action to interpret the avoidance order. Factor 7 weighs against abstention.

---

[63] 28 U.S.C. § 157(b)(2)(K).

Page 15 – MEMORANDUM DECISION DENYING DEFENDANT'S etc.

Factor 8 is "the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court." Westlund does not identify state law applicable to this action. Factor 8 weighs against abstention.

Factor 9 is "the burden of [the bankruptcy court's] docket." This action would not burden this court. Factor 9 weighs against abstention.

Factor 10 is "the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties." Every well-advised litigant who has any say in the choice of forum will try to choose a forum that it believes to be favorable. It's naïve to imagine that any litigant chooses its forum out of a public-spirited desire to foster comity and judicial economy. I don't blame Hiefield and Stratton for their forum choice, nor do I blame Westlund for seeking abstention. The question for me is not whose motives are purer; it's whether abstention is warranted for objective reasons. Neither side is engaged in the abusive kind of forum shopping that this factor contemplates. Factor 10 is neutral.

Factor 11 is "the existence of a right to a jury trial." Neither party has asserted the right to a jury trial. Factor 11 is neutral.

Factor 12 is "the presence in the proceeding of nondebtor parties." With the rare exception of actions by and between only debtors in the same case, every bankruptcy proceeding necessarily involves one or more nondebtor parties. Factor 12 is neutral.

Page 16 – MEMORANDUM DECISION DENYING DEFENDANT'S etc.

No factor favors abstention, six factors (2, 4, 5, and 7 through 9) weigh against abstention, and six factors (1, 3, 6, and 10 through 12) are neutral. I give the greatest weight to factors 2and 7 because Westlund does not identify state law relevant to interpretation of the avoidance order.

The court will not abstain from this action.

### F.     The court will not decline jurisdiction over this action.

In addition to arguing for section 1334(c)(1) permissive abstention, Westlund argues that this court "is not required to exercise its jurisdiction,"[64] citing four Supreme Court cases holding that a federal court has discretion whether to exercise jurisdiction over a declaratory judgment action, including *Brillhart v. Excess Ins. Co. of Am.* in 1942 and[65] *Pub. Serv. Comm'n of Utah v. Wycoff Co.* in 1952.[66] That discretion follows from the language of 28 U.S.C. § 2201(a), enacted in 1948,[67] under which a court of the United States "*may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought" (emphasis added). It also follows from the language of the predecessor statute (addressed in *Brillhart*), 28 U.S.C. § 400(1) (1940), enacted in 1934,[68] under which a court "shall have power" to grant declaratory relief.

---

[64] ECF No. 11-1 at 6:12–17; ECF No. 29 at 3.
[65] 316 U.S. 491 (1942).
[66] 344 U.S. 237, 243 (1952).
[67] 62 Stat. 869, 1948 (1948).
[68] Ch. 512 § 274D, 48 Stat. 955 (1934).

Page 17 – MEMORANDUM DECISION DENYING DEFENDANT'S etc.

Under *Brillhart* and *Public Service*, factors that weigh against the discretionary exercise of jurisdiction include that (1) the federal action presents issues not governed by federal law, (2) another action is pending in state court presenting the same issues, and (3) the issues can better be settled in state court.[69] Where a federal court has ancillary jurisdiction over a request to interpret or enforce a prior order or judgment of that court, it is not clear that the court's authority to grant declaratory relief also turns on section 2201(a). Even if it does, the three *Brillhart* and *Public Service factors favor* exercising jurisdiction. That's because this action presents issues governed by federal law and no other action is pending in state court presenting the same issue, so the issue cannot better be settled in state court. The exercise of jurisdiction is also supported by the 12 permissive-abstention factors, which here weigh against abstention.

Westlund points to facts that he suggests weigh against the exercise of jurisdiction: "the procedural history of Debtor's Chapter 7 proceeding and his lack of standing regarding the issue in the adversary complaint . . ."[70] and that the property is no longer an estate asset and Stratton took title without warranty from Hiefield.[71] But those facts are irrelevant to the three *Brillhart* and *Public Service* factors informing the exercise of jurisdiction over a declaratory-judgment action.

---

[69] *Brillhart*, 316 U.S. at 495; *Wilton*, 515 U.S. at 290.
[70] ECF No. 11-1 at 6:17–19.
[71] ECF No. 29 at 3–4.

Page 18 – MEMORANDUM DECISION DENYING DEFENDANT'S etc.

The court will not decline to exercise jurisdiction over this action.

### G. *This action is not barred by claim preclusion.*

Under the heading "Res Judicata/Claim Preclusion," Westlund argues that "the subject of [Hiefield's claim] has already been previously adjudicated by both the Multnomah County Circuit Court and by this Court."[72] He then discusses judicial admissions,[73] Hiefield's failure to assert "[a]ll issues regarding objection to the interest rate,"[74] claim preclusion,[75] stipulated facts in connection with the avoidance motion,[76] Westlund's proof of claim,[77] and the preclusive effects of both a deemed-allowed claim[78] and "the prior determination relating to the interest rate."[79]

I understand Westlund to argue that interpretation of the avoidance order to exclude interest would be inconsistent with and thus precluded by the judgement and avoidance order. If Stratton is correct that, after partial avoidance under section 522(f), the surviving portion of a judgment lien no longer accrues interest, the interest otherwise due under the judgment is irrelevant.

This action is not barred by res judicata or claim preclusion.

---

[72] ECF No. 11-1 at 6:21–23.
[73] ECF No. 11-1 at 7:17–23.
[74] ECF No. 11-1 at 7:24–25.
[75] ECF No. 11-1 at 7:25 – 8:3.
[76] ECF No. 11-1 at 8:4 – 9:16.
[77] ECF No. 11-1 at 9:19–22.
[78] ECF No. 11-1 at 9:23 – 10:1.
[79] ECF No. 11-1 at 11:1–3.

**IV.    Conclusion**

Hiefield's complaint remains dismissed.

I will deny the motion to dismiss Stratton's complaint. I will prepare an order; none need be lodged.

I will schedule a continued pretrial conference.

###